

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LYNCHBURG STEEL, INC.<br>275 Francis Avenue<br>P.O. Box 158 Rt 29<br>Monroe, Virginia 24574,<br><br>   Plaintiff,<br><br>v.<br><br>O'NEILL PROPERTIES GROUP, L.P.<br>2701 Renaissance Boulevard<br>Fourth Floor<br>King of Prussia, Pennsylvania 19406<br>Serve:<br> Corporation Service Company<br> 2704 Commerce Drive<br> Harrisburg, PA 17110<br><br>   Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. _____ |

## COMPLAINT

Plaintiff Lynchburg Steel, Inc., for its Complaint against Defendant O'Neill Properties Group, L.P., states and alleges as follows:

### Parties

1. Plaintiff Lynchburg Steel, Inc. ("Lynchburg Steel") is a Virginia corporation with its principal place of business at 275 Francis Avenue, Monroe, Virginia 24574.

2. Upon information and belief, Defendant O'Neill Properties Group, L.P. ("O'Neill Properties") is a Pennsylvania limited partnership with its principal place of business at 2701 Renaissance Boulevard, Fourth Floor, King of Prussia, Pennsylvania 19406, and can be served with a Summons and a copy of this Complaint by serving its Registered Agent, Corporation Service Company, 2704 Commerce Drive, Harrisburg, Pennsylvania 17110.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391.

## Count 1
## Breach of Contract

5. Plaintiff Lynchburg Steel hereby incorporates by reference the allegations contained in paragraphs 1 through 4 of its Complaint as though fully set forth herein.

6. On or about April 28, 2008, Plaintiff Lynchburg Steel and Defendant O'Neill Properties entered into Letter of Intent (the "Agreement") whereby Defendant O'Neill Properties formally authorized Plaintiff Lynchburg Steel to initiate the placement of steel mill orders for the fabrication and erection of structural steel for Buildings M1, M2, M3 and M5 of the Uptown Worthington project, located in East Whiteland Township, Pennsylvania (the "Project"). A true and accurate copy of said Agreement is attached hereto as **Exhibit "A"** and incorporated herein by reference.

7. Pursuant to the Agreement with Defendant O'Neill Properties, Plaintiff Lynchburg Steel performed its services pursuant to the terms and conditions of the Agreement and submitted invoices to Defendant O'Neill Properties for payment.

8. Defendant O'Neill Properties has received and will receive the benefit of all services supplied to the Project by Plaintiff Lynchburg Steel pursuant to the Agreement.

9. Although Plaintiff Lynchburg Steel has performed each and every obligation as required under its Agreement with Defendant O'Neill Properties, said Defendant has failed to

perform its contractual obligations in that it has failed to pay the sums due and owing for services provided by Plaintiff Lynchburg Steel.

10. There is a sum due and owing Plaintiff Lynchburg Steel in the amount of NINE HUNDRED FORTY THOUSAND SEVEN HUNDRED FORTY-TWO DOLLARS AND NO/100 ($940,742.00).

11. Although demand has been made by Plaintiff Lynchburg Steel, Defendant O'Neill Properties has failed and refused, and continues to fail and refuse, to make payment to Plaintiff Lynchburg Steel in breach of its obligations.

12. Plaintiff Lynchburg Steel has been and continues to suffer damages due to Defendant O'Neill Properties' breach of contract.

WHEREFORE, Plaintiff Lynchburg Steel respectfully requests that this Court enter judgment against Defendant O'Neill Properties on Count I of this Complaint in the amount of NINE HUNDRED FORTY THOUSAND SEVEN HUNDRED FORTY-TWO DOLLARS AND NO/100 ($940,742.00), plus interest thereon at the highest statutory rate, plus its costs incurred and expended, and for such other and further relief as this Court deems just and proper.

### Count II
### Quantum Meruit

13. Plaintiff Lynchburg Steel hereby incorporates by reference the allegations contained in paragraphs 1 through 12 of its Complaint as though fully set forth herein.

14. Pursuant to the Agreement and at the request of Defendant O'Neill Properties, Plaintiff Lynchburg Steel provided services for the Project. There was an express and implied promise on the part of Defendant O'Neill Properties to pay Plaintiff Lynchburg Steel a reasonable sum for the value of the services so provided.

15. Defendant O'Neill Properties has received a benefit from the services provided on the Project. There was an implied promise on the part of Defendant O'Neill Properties to pay Plaintiff Lynchburg Steel a reasonable sum for the value of the services so provided.

16. Plaintiff Lynchburg Steel has performed its obligations under its Agreement with Defendant O'Neill Properties for services furnished at the insistence and request of Defendant O'Neill Properties and/or the benefit of Defendant O'Neill Properties.

17. The reasonable value of compensation for services provided by Plaintiff Lynchburg Steel that remains unpaid is NINE HUNDRED FORTY THOUSAND SEVEN HUNDRED FORTY-TWO DOLLARS AND NO/100 ($940,742.00), and neither the whole nor any part of that sum ahs been paid.

18. Although demand therefore has been made, Defendant O'Neill Properties fails and refuses, and continues to fail and refuse, to pay Plaintiff Lynchburg Steel, and there is now due and owing to Plaintiff Lynchburg Steel the sum of NINE HUNDRED FORTY THOUSAND SEVEN HUNDRED FORTY-TWO DOLLARS AND NO/100 ($940,742.00).

WHEREFORE, Plaintiff Lynchburg Steel respectfully requests that this Court enter judgment against Defendant O'Neill Properties on Count II of this Complaint in the amount of NINE HUNDRED FORTY THOUSAND SEVEN HUNDRED FORTY-TWO DOLLARS AND NO/100 ($940,742.00), plus interest thereon at the highest statutory rate, plus its costs incurred and expended, and for such other and further relief as this Court deems just and proper.

### Count III
### Pennsylvania Contractor and Subcontractor Payment Act Claim

19. Plaintiff Lynchburg Steel hereby incorporates by reference the allegations contained in paragraphs 1 through 18 of its Complaint as though fully set forth herein.

20. Under the Pennsylvania Contractor and Subcontractor Payment Act, 73 P.S. § 501 *et seq.*, Defendant O'Neill Properties had and has a legal obligation to pay Plaintiff Lynchburg Steel the amounts owed to Plaintiff Lynchburg Steel.

21. As of the date of this Complaint, and despite repeated demands, Defendant O'Neill Properties has failed and refused to pay Plaintiff Lynchburg Steel the amounts owed under the Agreement.

22. The legal rate of interest on contracts for private construction is 1% per month pursuant to 73 P.S. § 512(a).

23. To the extent Plaintiff Lynchburg Steel has been and will be forced to incur litigation expenses and attorney fees to collect the payments due under the Agreement, pursuant to 73 P.S. § 512(b), Plaintiff Lynchburg Steel is entitled to recover its reasonable attorneys' fees incurred in pursuit of such payments.

24. As a result of the aforementioned breaches and actions by Defendant O'Neill Properties, Plaintiff Lynchburg Steel has been damaged in the sum of NINE HUNDRED FORTY THOUSAND SEVEN HUNDRED FORTY-TWO DOLLARS AND NO/100 ($940,742.00), plus interest thereon at the statutory rate of 1% per month.

WHEREFORE, Plaintiff Lynchburg Steel respectfully requests that this Court enter judgment against Defendant O'Neill Properties on Count III of this Complaint in the amount of NINE HUNDRED FORTY THOUSAND SEVEN HUNDRED FORTY-TWO DOLLARS AND NO/100 ($940,742.00), plus interest thereon at the highest statutory rate, plus its costs incurred and expended, and for such other and further relief as this Court deems just and proper.

## Jury Demand

Plaintiff Lynchburg Steel, Inc. hereby demands that all of its claims against Defendant O'Neill Properties Group, L.P.. be tried by a jury.

        Respectfully submitted,

_____
**JUSTIN K. EDELSON**      PA #207783
of
**POLSINELLI SHUGHART PC**
222 Delaware Avenue, Suite 1101
Wilmington, DE 19801
Telephone:  (302) 252-0920
Facsimile:  (302) 252-0921
jedelson@polsinelli.com

_____
**G. EDGAR JAMES**    MO #49585
**RYAN M. MANIES**    MO #59095
of
**POLSINELLI SHUGHART PC**
120 West 12th Street, Suite 1600
Kansas City, MO 64105
Telephone:  (816) 421-3355
Facsimile:  (816) 374-0509
ejames@polsinelli.com
rmanies@polsinelli.com

**ATTORNEYS FOR LYNCHBURG STEEL, INC.**

 O'Neill Properties

2701 Renaissance
Boulevard

Fourth Floor

King of Prussia,
Pennsylvania
19406

Telephone
610 277 3060

Facsimile
610 205 8500

oneillproperties.com

April 28, 2008

Mr. Paul Hudnall
Lynchburg Steel
Rt. 29, North
PO Box 158
Monroe, VA 24574

Re: **Letter of Intent- Structural Steel**
**Buildings M1; M2; M3; M5**
**Uptown Worthington**

Dear Paul:

Please allow this letter to serve as formal notification of the intent of O'Neill Properties Group to enter into contract with Lynchburg Steel, Inc for the fabrication and erection of structural steel for Buildings M1, M2, M3, and M5 of the Uptown Worthington project, located in East Whiteland Township, PA. This work shall be performed in accordance with the Structural plans prepared by CS Associates (dated August 19, 2007 for M3 and M5 and February 29, 2008 for M1 and M2), and Lynchburg Steel proposal dated April 18, 2008.

For the lump sum price of **TWO MILLION, FIVE HUNDRED FORTY FIVE THOUSAND ($2,545,000.00) DOLLARS**, including all state and local taxes.

Although this letter is solely an expression of intent subject to the execution of a formal contract- by its issuance, O'Neill Properties formally authorizes Lynchburg Steel, Inc. to initiate the placement of steel mill order(s) totaling approx $870,000 in value, and shop engineering design valued at approx $70,000.

Tentative erection start dates for the four buildings which shall comprise your contract work are: M5- July 18; M3- August 13; M1- September 9th; and M2-October 7th.

A formal contract shall be issued to you shortly.

Sincerely,

Bruce Auerbach
Vice President- Preconstruction

cc: Jon Robinson; O'Neill Properties Group
Jerry Castafero; O'Neill Properties Group
Drew Wolfington; O'Neill Properties Group
Guy Wolfington; O'Neill Properties Group

EXHIBIT A